Concepts Design Furniture v. FisherBroyles is next on our calendar. Mr. Whiting, we appreciate the circumstances that have led you to appear today instead of the lawyer who was scheduled to argue. You are now admitted to our bar, and you may proceed. Thank you very much, Your Honor, for your willingness to admit me to your bar today, the Seventh Circuit. If it may please the Court, I'm Connor Whitting, and I'm one of the attorneys for the plaintiffs and appellants in the matter that is now before Your Honors. And the issue before Your Honors is a very narrow one, and that's whether the magistrate judge erred in granting the defendant's appellee's motion to dismiss with prejudice. The recent Illinois Supreme Court decision of suburban real estate... Mr. Whiting, let me ask you the bottom line question. Whether the statute of limitations matters two hoots in this case, since the time to notify the insurance company had expired before war was even retained. How can there be any claim? Respectfully, Your Honor, that was an argument raised by the defendants in the lower court. Yes, and a prevailing party can defend its judgment on any ground properly preserved in the district court. It doesn't have to be the ground of the district court's decision. So I'm asking you about what seems to be, maybe wrongly, but what seems to be a bulletproof ground for affirming the judgment. The defendants provided no specific provision of the underlying contract between the carrier and the plaintiff's appellants before Your Honors, suggesting that in the underlying claim for the coverage, there was... Well, we have the letter from the insurance company from September of 2019 that specifically says it was late. Yes. That notice had not been timely provided. That was the basis for the denial. And I understood that not to be contested. No one is saying, oh, we really wrote you a letter and it got lost in the mail or anything of that sort. When the insurance company sends the September 10, 2019 letter and says you didn't tell us way back when, when the 2014 suit began, this was all afoot. Everybody's like, yeah, no, we didn't tell you. And then the whole debate has been whether that was permissible. I mean, unless I'm really missing something, but I didn't see any argument that there really was notice. But the fact that the denial letter was issued on the 10th of September, 2019, does nothing in the way of the analysis as to whether the plaintiff sustained actual damages as a result of the alleged... What would make us think that a notice to the insurer the day war was retained in March 2016 would have been timely under this policy? Respectfully, that's a factual issue. No, it's a question about the meaning of the contract. What would make us think that such a notice in March 2016 would have been timely when the suit had been on file for 18 months already? And that takes you back to the policy. There's a section in the policy that addresses the time within which notice needs to be furnished. And that language, respectfully, is very vague. There is no specific requirement wherein the insurer has to provide notice within a date certain... Are you aware of some state case, for example, saying that notice 18 months after a lawsuit begins is timely with respect to a policy like this one? No such case was provided in the supporting... You are the plaintiff. You're the one who has to provide the authority. And that's why I would respectfully like to discuss the 2002 Illinois Supreme Court case of suburban real estate v. Carlson, which deals with the issue of when an injury arises in the context of a legal malpractice action. And because that case came down in early 2022 after the underlying action had been resolved. And according to the Illinois Supreme Court, to discern when a claim accrues in the context of a legal malpractice action in Illinois, the court, when analyzing a motion to dismiss pursuant to the statute of limitations or a motion for summary judgment, must first identify the injury and then determine when the injury was discovered or should have been discovered. That's the first premise that must guide the court in determining whether the action was timely filed. And our, or the Illinois Supreme Court, defined an injury in the context of a legal malpractice action as, I should say that the court noted, the Supreme Court noted, that a client is not considered injured unless and until he or she has suffered a loss for which monetary damages may be sought. But, you know, the whole point of your suit, as I understand it, is to get your hands on the coverage that this intact policy would have given. And I think what we've been trying to get at is the fact that if it was already too late by the time Mr. Warr comes in to comply with the terms of the policy and get that money available to yourself, it's kind of a no harm, no foul situation. Maybe Mr. Warr was a terrible lawyer, you know, whatever, but the harm you're complaining about in this suit had essentially already happened. Respectfully, it's the plaintiff's appellant's position that the harm had not yet occurred because there was still the opportunity for Intact to provide coverage to the plaintiffs. How do you think they would have vis-à-vis this 2014 dispute when the notice of the claim came in so late? And when they told you in September of 2019 that they weren't going to, in part because you didn't file a claim in a timely manner. I respectfully believe that it's telling that they filed a subsequent declaratory judgment action in the Chancery Division of the Circuit Court seeking resolution of that very dispute. But that's irrelevant to when your client was put on notice or should have known of the injury. Because as Judge Wood said, the injury that your client is claiming here is the lack of insurance coverage for the defense costs and the verdict. And you certainly knew that Intact wasn't going to pay that by September 29th, by September of 2019. I don't know how you can get around that letter. The subsequent, but the fact remains that in the subsequent declaratory judgment action, there was still an opportunity for the plaintiffs or the insured to seek coverage for the HALO litigation. But that's the wrong standard. I mean, you knew that there was a dispute as of the time you get that, at latest, as of the time you get that letter from Intact. And you don't have to be 100% certain one side or the other is going to win. You know that there is – that the game's afoot, basically, and you have to do something about it. Maybe you win, maybe you lose. I don't know why they filed the declaratory judgment action. Probably belt and suspenders and thought it was a good idea to just get a court ruling. I don't know. That's not my case. But you certainly knew that you had a problem on your hands by the time you get that letter. Nonetheless, the actual damages requirement necessary to bring a legal malpractice action were, at that time, tentative and uncertain. You're relying on these Illinois Supreme Court cases and other cases that base the claim on the mishandling of a litigation, not on what's at issue here. The claim here is not, oh, these lawyers committed malpractice because they messed up, they didn't put in the right evidence, they didn't make the right arguments, et cetera. The claim here is that they failed to file a timely claim with the insurance company or tell you that you should. That's a different scenario than what you're relying on. The defendants in this action were retained to advance the client's interests in the underlying HALO litigation and to resolve the case as expeditiously as possible. The allegation that their failure, the defendant's failure to seek the insurance coverage potentially available, lessened their duty to resolve the matter in an expeditious way. And for those reasons, the plaintiffs accounts would respectfully request that the magistrate judge's order be reversed. Thank you. Yes, thank you, counsel. Ms. Kollross. May it please the court. Counsel, Melinda Kollross on behalf of the defendants, Fisher-Broyles and Mr. Warr. And I think you've honed right in on the central problem in the case, which is that the time to file a claim had passed by the time defendants were retained. I do want to point out, because I think I heard counsel state that we don't have the contract between his client and intact the insurance company, but in fact we do. The contract, the insurance policy itself, is attached as Exhibit H to defendant's motion to dismiss, which is document number 24 in the record. So if there's any doubt about what the letter that intact sent to the plaintiffs, rejecting their claim for coverage and informing them that their notice was untimely, if we need to look at the factual underpinning of that pronouncement, it is in the record, and you can see the very sections of the policy that they're citing. So here we have a situation where the time has already passed. So you absolutely have grounds to affirm this is all really moot at this point. But I do want to, just for the sake of clarity, address the really only argument that the plaintiff has advanced, because the plaintiffs don't talk about the rejection letter. They don't talk about the 17 months that elapsed between then when the suit was filed and when the defendants were retained, and they don't actually talk about the engagement letter, which says that the defendants were retained to defend the lawsuit, not to assess or pursue insurance coverage. But even looking beyond all of that and focusing exclusively on the issue that plaintiff wants to present, which is that they suffered no injury until the ruling against them in the declaratory judgment action, that's contradicted by the very allegations of their own complaint, where they talk about how they were incurring defense costs. They had a $3.5 million judgment entered against them. They were forced into bankruptcy. They lost settlement funds that they expected the insurer to contribute. So this whole listing in their own complaint of the injury that they suffered all predates by years. The linchpin that they're trying to rely upon here, which is the ruling against them in the declaratory judgment action. So as Intact pointed out, the defense obligation, if one arose, and Intact disputes that, but it started in October of 2014. So from October of 2014. That's the verdict in the HALO 1 case? No, that's the filing of the lawsuit. So if Intact owed a defense obligation, it would have started with the filing of the lawsuit. Then you've got defense costs 2014, 2015, 2016, 2017. In January of 2018, you've got a $3.5 million judgment entered against the plaintiffs. Certainly that's an injury. And then you have the plaintiffs filing for bankruptcy, and they're alleging that the bankruptcy in part was caused by the financial injury that they suffered because they didn't have the insurance coverage. We probably don't need to get into it, but I've been puzzled reading these documents. Why the claim, if there is one, is not the property of the trustee in bankruptcy? It is the property of the trustee in bankruptcy, and we do point that out in our brief. KPMG had the decision and the authority and the right to either pursue insurance coverage or not. They declined to do so. And so, again, this is really all – it's really all – you have more than enough legal grounds, factual grounds to affirm. And I'm happy to answer any other questions, but I don't want to belabor the point. I don't see any. Thank you very much. The case is taken under advisement.